# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
Assigned on Briefs, May 30, 2002 Session

## WASHSHUKRU AL-JABBAR A'LA  v. STATE OF TENNESSEE

**Direct Appeal from the Tennessee Claims Commission, Eastern Division**
**No.  20100896    Hon. Vance W. Cheek, Jr., Commissioner**

**FILED AUGUST 13, 2002**

**No. E2001-03133-COA-R3-CV**

D. Michael Swiney, J., concurring

I concur with the majority that the decision of the Claims Commission must be affirmed.  I, however, respectfully disagree with the majority's statement that "the issue is not whether the Claims Commission has jurisdiction."  I believe the issue here is whether or not the Claims Commission has jurisdiction of Plaintiff's claim brought pursuant to Tenn. Code Ann. § 9-8-307(a)(1)(N).  Plaintiff's suit does not rely upon Tenn. Code Ann. § 9-8-307(a)(1)(E), which the majority says would give the Claims Commission jurisdiction of a case of this nature.  Respectfully, the nature of Plaintiff's case before the Claims Commission and before us is a claim for negligent deprivation of statutory rights created under Tennessee law.

In compliance with Article I, §17 of the Tennessee Constitution, our Legislature has directed how and when a suit for negligent deprivation of statutory rights may be brought against the State. Tenn. Code Ann. § 9-8-307(a)(1)(N) is that legislative direction and it gives exclusive jurisdiction to the Claims Commission for all monetary claims against the State for negligent deprivation of statutory rights created under Tennessee law, except for actions arising out of claims for which the Civil Service Commission has jurisdiction.  Therefore, I do not agree with the majority's statement that the issue here is not whether or not the Claims Commission had jurisdiction. I believe jurisdiction is the issue. I believe the Claims Commission had no jurisdiction under Tenn. Code Ann. § 9-8-307(a)(1)(N), and, it had no choice but to dismiss this case. Therefore, I concur with the majority's decision to affirm the dismissal, but I would affirm based on lack of jurisdiction in the Claims Commission.

_____
D. MICHAEL SWINEY, JUDGE